UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: MICHAEL B. WHITE and
DARLA K. WHITE.

        Debtors.
_____/

MICHAEL B. WHITE,

        Appellant,                              Case No. 1:22-cv-10989

v.                                                   Honorable Thomas L. Ludington
                                                       United States District Judge
DONALD KNAPP, *et al.*,

                                                       Adversary Case No. 21-02011
        Appellees.                             Bankruptcy Case No. 13-21977
_____/

**ORDER DENYING APPELLANT'S MOTION FOR WAIVER OF
REQUIREMENT TO FILE PAPER COPIES**

        This is an appeal from United States Bankruptcy Judge Daniel S. Opperman's order dismissing an adversary proceeding filed by Appellant/Debtor Michael B. White. ECF No. 1.

        Appellant has filed a *pro se* motion seeking "clarification" of Federal Rule of Bankruptcy Procedure 8009(a)(5). ECF No. 3. He seeks either (1) a waiver of the requirement that he must file a paper copy of the items that he designates for the record on appeal or (2) an extension of time to file a paper copy. *Id.* at PageID.32.

        Because Appellant's requested relief is within the sole discretion of the Clerk of the Bankruptcy Court—not this Court—his Motion will be denied.

        Federal Rule of Bankruptcy 8009 governs the designation and preparation of the record on appeal. As relevant here, Rule 8009 requires the appellant "to file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal." FED. R.

BANKR. P. 8009(a)(1)(A). Rule 8009 also requires the appellant, in some circumstances, to file paper copies of the designated items. FED. R. BANKR. P. 8009(a)(5) ("If paper copies are needed, a party filing a designation of items must provide a copy of any of those items that the bankruptcy clerk requests. If the party fails to do so, the bankruptcy clerk must prepare the copy at the party's expense."). The "need" for paper copies is essentially determined by the Bankruptcy Clerk. *See* FED. R. BANKR. P. 8009(a)(5) advisory committee's note to 2014 amendment ("If the bankruptcy clerk requires a paper copy of some or all of the items designated as part of the record, the clerk may request the party that designated the item to provide the necessary copies, and the party must comply with the request or bear the cost of the clerk's copying.").

After filing his designation, Appellant received a notice from the Bankruptcy Clerk stating that he needed to "provide . . . a copy of the items designated." *See* Notice of Requirement to File Designation, *In re Michael B. White*, No. 21-02011-dob (E.D. Mich. Bankr. Ct. May 5, 2022), ECF No. 124. The Notice provided that, if he failed to provide copies of the designated items, then "the [Bankruptcy Clerk] [would] prepare copies of the designated items at [his] expense." *Id.*

In Appellant's view, "the issue is the time and money" that it would take for him to "go into PACER, print paper copies, [and] file the paper copies with the bankruptcy clerk[,] who will then scan them back into electronic format." ECF No. 3 at PageID.29. He does not want to "waste money, ink, and paper." *Id.*

Although Appellant's position is understandable in some respects, the decision to require paper copies is firmly vested in the Bankruptcy Clerk. *See* FED. R. BANKR. P. 8009(a)(5). And even if this Court could grant him the waiver that Appellant seeks, he has not shown any extraordinary hardship or exceptional circumstances that might tip the balance in his favor. Consequently, he has two options: Provide paper copies to the Bankruptcy Clerk or allow the Bankruptcy Clerk to

- 3 -

prepare such copies at his expense. In either case, he will be responsible for the cost of furnishing paper copies to the Bankruptcy Clerk.

Likewise, this Court may not extend or modify the deadlines that the Bankruptcy Clerk set. To the extent that Appellant requires additional time to prepare and file paper copies, he should contact the Bankruptcy Clerk.

Accordingly, it is **ORDERED** that Appellant's Motion for Waiver of Requirement to File Paper Copies, ECF No. 3, is **DENIED**.

Dated: May 27, 2022                    s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge